## BOITANO v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925.)

No. 4397.

**1. Criminal law ☞400(2), 406(4), 407(2)— Testimony of police officer as to accused's testimony at another trial admissible.**

In prosecution for violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), where, at trial of another for the same offense, accused had testified that liquor was his, testimony of police officer, who was present at former trial, as to testimony there given by accused, *held* competent; but testimony as to remarks of judge and counsel, and testimony of the person there on trial, was not competent, though all in presence of accused.

**2. Intoxicating liquors ☞236(4) — Evidence insufficient to warrant conviction for maintaining nuisance.**

In prosecution for maintaining a nuisance, in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), where it appeared that accused had severed connection with premises prior to time of offense, evidence *held* insufficient to support conviction.

**3. Intoxicating liquors ☞236(6½)—Evidence sufficient to sustain conviction for unlawful possession of intoxicating liquors.**

In prosecution for unlawful possession of intoxicating liquor, in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), testimony of accused on trial of another as to ownership of liquor *held* sufficient to sustain conviction.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Leonardi Boitano, charged as Leonardi Bertoni, was convicted under the National Prohibition Act, and he brings error. Reversed and remanded with instructions.

Edward A. O'Dea, of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The information contains two counts. The first count charges the maintenance of a common nuisance at 879 Bryant street, San Francisco, on or about May 12, 1923, and the second count charges the unlawful possession of intoxicating liquor at the same place on the same date. The premises in question consisted of a saloon, restaurant, and living rooms. It appears from the testimony that the plaintiff in error occupied the premises with his family on and prior to the 23d day of January, 1923. On the latter date he abandoned the premises and moved to 1114 Montgomery street. So far as the record discloses, he had no connection with the premises or with the business there conducted since his removal therefrom.

In the latter part of February, 1923, one Battaglia moved into the premises at 879 Bryant street and was occupying the same on the date mentioned in the two counts of the information. On the 12th day of May, 1923, Battaglia was arrested and tried in the police court on a charge of violating the state act corresponding to the National Prohibition Act. The plaintiff in error was a witness in his behalf at the trial, and there testified that certain liquors found on the premises belonged to him. Whether this testimony extended to all the liquors so found,

or was confined to certain barrels of wine only, is questionable, but that fact is not deemed very material at this time. Upon the trial in the police court Battaglia was acquitted.

After his acquittal the plaintiff in error was placed under arrest by the police officer who made the complaint against Battaglia, and was turned over to the prohibition agents for prosecution under the National Prohibition Act. On the trial below the testimony on the part of the government consisted very largely of a repetition of what transpired in the police court. A police officer was permitted to testify as to the testimony there given by the plaintiff in error; also as to the testimony given by the defendant then on trial, as to statements made by the attorney for the defendant, and as to remarks made by the police judge in disposing of the case. All this testimony was admitted over objection and exception.

[1] The testimony given by the plaintiff in error was clearly competent, and it was equally competent to prove that testimony by a witness who was present at the trial and heard the testimony given, regardless of whether the testimony was reported or whether it was not. 22 C. J. 344. On the other hand, the testimony given by the defendant, the statements of his counsel, and the remarks of the police judge were as clearly incompetent, and should have been excluded. True, the plaintiff in error may have been present; but, if present, he was not at liberty to contradict the witness, the attorney, or the police judge, and his mere personal presence could not be construed into an implied admission of the charges made against him. An extended discussion of the numerous errors assigned is not deemed material.

[2, 3] While the testimony clearly tends to show that a nuisance was maintained at the place in question in May, 1923, there is no testimony tending to show that it was so maintained by the plaintiff in error, or that he had any connection whatever with the premises or its maintenance since early in January of that year. The plaintiff in error and his wife so testified, and the police officer who made the arrest conceded throughout his testimony that the plaintiff in error was not there, and had had no connection with the place for several months, so far as he knew. Indeed, the plain inference from the testimony of the police officer is that he did not credit the testimony given by the plaintiff in error on the trial in the police court, but arrested him on the theory that public policy would be advanced by convicting him of one crime, because he had committed another.

But the testimony of the plaintiff in error himself shows that he was in possession of intoxicating liquor, and such possession was clearly unlawful. The possession was unlawful if the liquor was acquired subsequent to February 1, 1920, and even if acquired prior to that date it was kept in an open basement under a saloon and restaurant, and not in a private dwelling. Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548, is no authority for, and gives no sanction to, such possession as was here disclosed. For these reasons, we are of opinion that there was no testimony to warrant a conviction of the plaintiff in error of the crime of maintaining a nuisance under the first count, but that he was properly convicted of unlawful possession under the second count.

The judgment is therefore reversed, and the cause is remanded, with instructions to impose sentence under the second count as herein directed.